Mario Pittoni, J,
The plaintiff moves for an order vacating her default and for leave to restore the above case to the calendar. However, the defendant properly points out that the *940 matter cannot be restored to the Trial Calendar as it neVer was on the calendar. No note of issue has been filed. In short, the plaintiff is seeking to vacate the order of dismissal.
At the outset a chronological statement of events is helpful. On October 4,1957, issue was joined. On June 30, 1958, notices and cross notices for examinations before trial were issued. On December 9, 1958, a motion to dismiss was made. On December 22, 1958, the case was dismissed for failure to prosecute. On January 5, 1959, an order of dismissal was served upon the plaintiff’s attorney. On April 8, 1959, a motion to vacate the order of dismissal was made returnable April 22, 1959, and was thereafter adjourned until September 29, 1959.
The plaintiff claims that trial counsel for the defendant requested the adjournment of the examination before trial and that the matter was accordingly adjourned. She also claims that various adjournments were made by telephonic conversations between attorneys’ secretaries; and that in disregard of oral agreements certain motions were not adjourned and the order to dismiss was granted upon default.
The plaintiff is guilty of laches. She did not serve her notice of examination before trial until almost nine months after joinder of issue; and although she was served with the order of dismissal, she did not move to vacate the order for three months.
As to the plaintiff’s claim that her default on the motion was fostered by the defendant’s agreement to adjourn, the answer is that rule 4 of the Buies of Civil Practice provides that an agreement between attorneys relating to any matter in an action shall not be binding unless in writing and subscribed. On a motion with the threat of dismissal it seems questionable that the plaintiff’s attorney would not insist on a written stipulation of adjournment. The defendant denies any personal knowledge of any such oral agreement, and states that his office records do not disclose it. Thus, there is no legal reason for the default on the return day of the motion.
Assuming that there was excuse for the default, the plaintiff is not excused for the prior delay of 14 months between joinder of issue and the order of dismissal. True, the plaintiff points out that the note of issue cannot be filed until the examinations before trial are completed; however, as previously noted, nine months passed between joinder of issue and the service of notice for examination before trial.
Anyway, even if the plaintiff’s default on the return day of the motion to dismiss is excusable, to succeed on this motion to vao'ate the order she must show that which she would have *941 had to show had she appeared on that motion. To defeat that motion the affidavit would have to be by the plaintiff herself and not by her attorney, and would have to demonstrate a meritorious cause of action and also the extent of the injuries. (See Tripp, Motion Practice, § 20; Gabrielsen v. Brookhattan Trucking Co., 250 App. Div. 861 [2d Dept.].) There is no affidavit fulfilling these requirements.
Therefore, this motion is denied.
Order signed.